UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
TOMASZ PIOTR HELWING,

              *Plaintiff*,                  **<u>MEMORANDUM & ORDER</u>**
                                             18-CV-3764

   -against-


CITY OF NEW YORK, et al.,

              *Defendants*.
---------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

      On July 17, 2018, Plaintiff Tomasz Piotr Helwing

("Plaintiff"), proceeding *pro se*, brought action against John

and Jane Doe, Jan Pszeniczny, Greg Sobolewski[1], and the City of

New York pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1,

Complaint.) In his second amended complaint, plaintiff alleges

---

[1] Because plaintiff failed to serve Greg Sobolewski properly under Federal Rule of Civil Procedure 4(m), the claims against Sobolewski were dismissed on May 19, 2020. (See Dkt. Order 5/19/2020.) By letter dated February 20, 2020, Mr. Ron D'Addario, Esq. informed the court of Jan Pszeniczny's death, and on March 3, 2020, this court ordered that Mr. Pszeniczny's counsel provide the identity of an authorized representative on behalf of decedent Mr. Pszeniczny's estate. (*See* ECF No. 54, Letter by Jan Pszeniczny, 2/20/2020; Dkt. Order 3/3/2020.) On July 6, 2020, counsel for the decedent advised the court that Mr. Bert Levine, Esq. agreed to serve as the representative for Mr. Pszeniczny's estate. (*See* ECF No. 71, Certificate of Service.) By Order dated July 15, 2020, the court ordered that plaintiff move for substitution pursuant to Federal Rule of Civil Procedure 25 no later than October 13, 2020, and advised plaintiff that "failure to timely move for substitution shall warrant dismissal of Mr. Pszeniczny, and his authorized representative" and that "the court will not extend plaintiff's deadline to move for substitution except for good cause shown." (See Dkt. Order, 7/15/2020.) Mr. D'Addario was ordered to serve Plaintiff with a copy of the July 15, 2020 order and note service on the docket, but Mr. D'Addario failed to comply. Plaintiff has not moved for substitution. As to the individual officers, Pawel Pszeniczny, Piotr Pszeniczny, John Doe, and Jane Doe, plaintiff has failed to properly serve these parties pursuant to Federal Rule of Civil Procedure 4(m). The City requests in its motion that the court consider its arguments in considering the claims against the officers. (Def. Mot. at 3.)

excessive force, false arrest, and malicious prosecution.  (*See generally* ECF No. 45, Second Amended Complaint ("SAC").) Presently before this court is the motion of the City of New York ("Defendant" or "City") to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), plaintiff's Affidavit in Opposition, and defendant's Reply to plaintiff's Affidavit in Opposition.  (ECF No. 74-2, Motion to Dismiss ("Def. Mot."); ECF No. 73, Affidavit in Opposition; ECF No. 75, Reply in Support of Defendant City of New York's Motion to Dismiss.)  For the reasons set forth below, the court grants the City's motion to dismiss for failure to state a claim.

**BACKGROUND**

**I.    Factual Background**

In considering the City's Rule 12(b)(6) motion, the Court accepts as true the following facts alleged in plaintiff's Second Amended Complaint and has also considered plaintiff's prior iterations of his complaint.  (*See* ECF No. 1; ECF No. 31; ECF No. 33; ECF No. 34; and ECF No. 45.)  Mr. Helwing is a Polish citizen and resident of New York State.  (SAC at ¶ 3.) Starting in October 2009, plaintiff began to be harassed and attacked by Jan Pszeniczny.  (*Id*. at ¶¶ 6-11.)  Mr. Helwing alleges that in December 2013 he was subjected to excessive

2

force when he was assaulted by two New York Police Department ("NYPD") officers, Pawel Pszeniczny and Piotr Pszeniczny (sons of deceased defendant, Jan Pszeniczny), near 6037 and 6039 Fresh Pond Road in Maspeth, NY. (*Id.* at ¶¶ 12, 26–28.) During this incident, the police officers "kicked [him] on [the] sidewalk until [he] lost consciousness [and] . . . left [him] on the sidewalk without signs of life in a pool of [his own] blood." (*Id.* at ¶ 12.) After the incident, Plaintiff alleges that members of the NYPD continued to "act[] like mobsters." (*Id.* at ¶ 16.)

Plaintiff also alleges that he was falsely arrested on March 8, 2015[2] for stealing a "WIFI camera" from Jan Pszeniczny. (*Id.* at ¶ 17.) After the arrest, while at the precinct, a police officer kept plaintiff detained for longer than necessary and "was very unkind and hostile." (*Id.*) Plaintiff further alleges that he was maliciously prosecuted from March 2015 to July 17, 2017. (*Id.* at ¶ 19.) Mr. Helwing states that for two years "lawyers and judge(s) . . . denied me the right to an equal trial and urged me by all means to admit to the deed I did not commit (referring to the theft)." (*Id.*) Plaintiff alleges

---

[2] Although the plaintiff's complaint states that this arrest occurred on March 8, 2018, New York City Police Department arrest reports confirm that the arrest took place on March 8, 2015. (*See* Def. Motion at Exhibit D.)

a claim of municipal liability against the City Defendant. (*See
generally Id.*)

## II.  Procedural History

Mr. Helwing initiated the instant 42 U.S.C. § 1983
action against the City of New York, et. al. on July 17, 2018.
(*See* ECF No. 1.)  Plaintiff filed an Amended Complaint in three
parts: "Part I" was submitted on June 14, 2019, and "Part II"
and "Part III" were submitted on July 31, 2019.  (*See* ECF No.
31; ECF No. 33; ECF No. 34.)  Plaintiff then filed a Second
Amended Complaint on November 26, 2019. (*See* ECF No. 45.)

On December 10, 2019, Defendant requested a pre-motion
conference to discuss its anticipated motion to dismiss
plaintiff's Second Amended Complaint.  (ECF No. 46, Motion for
Pre-Motion Conference.)  After several adjournment requests by
the parties, the court ordered a pre-motion conference for March
2, 2020.  (Scheduling Order 2/27/2020.)  At the pre-motion
conference, the court adopted a briefing schedule for
Defendant's motion to dismiss. (Dkt. Order 3/3/2020.)  On April
1, 2020, the City of New York filed its motion to dismiss
pursuant to Rule 12(b)(6).  (*See* Def. Mot.)

On April 9, 2020, the court held another status
conference and approved plaintiff's request for a revised
briefing schedule.  (Dkt. Order 4/9/2020.)  On June 2, 2020,

plaintiff filed a motion for extension of time to file his opposition to the City's motion.  (ECF No. 65, Motion for Extension of Time.)  The Court granted the extension on June 6, 2020.  (Dkt. Order 6/6/2020.)  Plaintiff requested another extension to file his opposition on July 1, 2020.  (ECF No. 68, Motion for Extension of Time.)  On July 6, 2020, this court reluctantly granted plaintiff another extension to file his opposition and advised that "no other extensions will be granted under any circumstances." (Dkt. Order 7/6/2020.)  Finally, on July 20, 2020, plaintiff filed his opposition to defendant's motion.  (ECF No. 73, Affidavit in Opposition to Motion.)

On August 3, 2020, defendant filed a reply in response to plaintiff's opposition to defendant's motion to dismiss. (ECF No. 75, Reply in Support of Defendant City of New York's Motion to Dismiss.)

## LEGAL STANDARD

Plaintiff's complaint must be dismissed if it fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  In deciding a motion to dismiss under Rule 12(b)(6), the court evaluates the sufficiency of a complaint under a "two-pronged approach." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, courts are not bound to accept legal conclusions when examining the sufficiency of a complaint. *See id.* at 678

(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Second, the court must assume all well-pleaded facts are true, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983.  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

To maintain a Section 1983 claim, a plaintiff must plausibly allege two elements.  First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.

1994).  Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States."  *Id.; see also McCugan v. Aldana- Brnier*, 752 F.3d 224, 229 (2d Cir. 2014).

Where, as here, a plaintiff is proceeding *pro se*, the court must construe the plaintiff's pleadings liberally.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).  However, a *pro se* complaint must still state a claim to relief that is plausible.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Plaintiff's Second Amended Complaint is liberally construed to allege claims of municipal liability, false arrest, malicious prosecution, and state law claims.

## DISCUSSION

Defendant moves for dismissal pursuant to Rule 12(b)(6) on the grounds that: "(1) plaintiff fails to state a viable claim for municipal liability against defendant City of New York; (2) any claims for false arrest and excessive force are time-barred by the applicable statute of limitations; (3) any claim for malicious prosecution fails as a matter of law; and (4) any state law claims plaintiff purports to assert are

barred for failing to comply with conditions precedent to suit."
(Def. Mot. at 2.)

In his opposition to Defendant's motion, Plaintiff
does not directly respond to the Defendant's arguments and
instead alleges additional claims of criminal conspiracy under
the Racketeer Influenced and Corrupt Organizations ("RICO") Act.
(*See* ECF No. 73, Affidavit in Opposition to Motion.)  In its
response, the City of New York reiterates its original
challenges to plaintiff's claims and further argues that
plaintiff has abandoned his claims, that plaintiff's RICO
allegations are improper and should not be considered, and that
the City nonetheless does not have the criminal intent required
to be held civilly liable under RICO.  (*See* ECF No. 75, Reply in
Support of Defendant City of New York's Motion to Dismiss.)

The court agrees with the defendant's argument that
plaintiff has effectively abandoned his claims against defendant
by failing to meaningfully address the contentions raised in the
motion to dismiss.  In the interest of completeness, however,
the court will also address the Plaintiff's claims directly in
Parts II-VI of this decision.  Additionally, although plaintiff
has failed, without a showing of good cause, to properly serve
the individual NYPD officers named in his Second Amended
Complaint with process pursuant to Rule 4(m), this court will

8

also consider the excessive force, false arrest, and malicious prosecution claims alleged against the officers because even if plaintiff had properly served the officers, his claims against them are time-barred under Section 1983.

### I.  Abandonment of Claims

"District courts in this circuit have found that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claim constitutes an abandonment of those claims." *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161 (E.D.N.Y. 2018) (quoting *Youmans v. Schiro*, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013).  In his opposition to defendant's motion to dismiss, Plaintiff does not directly address Defendant's arguments. (*See generally* ECF No. 73, Affidavit in Opposition to Motion.)  Instead, plaintiff invokes RICO and introduces new "facts" unrelated to his previous claims and makes sweeping statements about corruption without additional factual support. (*Id.*)  These new, unrelated allegations are outside the scope of the present case and do not sufficiently address the motion to dismiss.  Moreover, a plaintiff may not allege new facts and legal claims in opposition to a motion to dismiss. *Wright v. Ernst Young LLP*, 152 F. 3d 169, 178 (2d Cir. 1998.)  Plaintiff broadly states that "this is a case of a[n] attempt to murder (beating a

9

disabled person to the unconsciousness shortly after a serious back surgery . . .)," (*Id*. at 4), but does not provide any arguments in opposition to defendant's motion.  *See Bonilla v. Smithfield Assoc. LLC*, 09 Civ. 1549, 2009 WL 4457304 at *4 (S.D.N.Y. Dec.4, 2009) (dismissing plaintiff's claims as abandoned by failing to address them in his opposition motion to defendant's motion to dismiss all claims.)

As such, the court's consideration is confined to Plaintiff's claims of municipal liability, false arrest, excessive force, and malicious prosecution as outlined in the second amended complaint.  However, even if plaintiff had not abandoned his claims, the City's motion to dismiss must be granted.

## II.  Municipal Liability

To state a cognizable claim for monetary relief against a municipal defendant under § 1983, Plaintiff must allege the existence of an officially adopted policy or custom that directly caused the alleged constitutional deprivation. *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403-04 (1997) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  "[M]ere assertions that a municipality has a custom or policy of violating constitutional rights are insufficient to state a Section 1983 claim 'in the absence of

10

allegations of fact tending to support, at least circumstantially, such an inference.'" *Davis v. Cnty. of Nassau*, 355 F. Supp. 2d 668, 678 (E.D.N.Y. 2005) (quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)).  The alleged "custom and policy must be described with factual specificity, rather than bare and conclusory statements." *Perez v. Metro. Transit Auth.*, No. 11-CV-8655, 2012 WL 1943943, at *4 (S.D.N.Y. May 29, 2012) (citing *Perez v. Cnty. of Westchester*, 83 F. Supp. 2d 435, 438 (S.D.N.Y. 2000), *aff'd*, 242 F.3d 367 (2d Cir. 2000) (summary order)).

In his Second Amended Complaint, plaintiff appears to assert that the City adopted a policy of ignoring the constitutional violations arising out of the NYPD and the Queens Criminal Court. (Compl. at ¶¶ 12, 16-18.)  Plaintiff, however, does not allege or describe the official municipal custom or policy that he challenges, nor does he provide any factual allegations raising a plausible the inference that this unidentified municipal custom or policy directly caused the injuries for which he seeks relief.

Instead, Plaintiff's municipal liability claim rests primarily upon his tenuous contention that his constitutional rights were violated as a result of the City's deliberate indifference to the allegedly unlawful conduct of the NYPD and the "misconduct and suspicious behavior of . . . all lawyers correlated

11

to the criminal case (Prosecutor(s), Judge(s), Court Reporter(s) . . ..” (*Id.* at ¶ 18.)  As Plaintiff offers no other facts of the existence of an alleged municipal "practice and/or custom" causing the violation of federal constitutional rights, he has not provided the required plausible factual specificity under Rule 12(b)(6). Accordingly, the municipal liability claim against the defendant is dismissed.

### III. Statute of Limitations

Plaintiff brought his constitutional claims pursuant to Section 1983, which does not contain a statute of limitations.  "Since Congress did not enact a statute of limitations governing actions brought under [Section] 1983, the courts must borrow a state statute of limitations." *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994).  The Supreme Court has directed that in Section 1983 actions, the applicable statute of limitations is the one that "the [s]tate [in which the cause of action arose] provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  "In New York, the personal injury statute of limitations that applies to [S]ection 1983 actions is three years." *Quiles v. City of New York*, No. 01-cv-10934, 2003 WL 21961008, at *5 (S.D.N.Y. Aug. 13, 2003); *see Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001).  Consequently, the statute of

limitations for Section 1983 actions brought in New York federal courts is also three years.

## A. Plaintiff's False Arrest Claim is Time-Barred

Defendant argues that plaintiff's false arrest claim against the City is time-barred as the arrest at issue occurred on March 8, 2015, and any claim for false arrest accrued at the time of the arrest and expired on March 8, 2018.  (Def. Mot. at 8.)  The court agrees that any false arrest claim derived from the plaintiff's March 8, 2015 arrest is time-barred and must be dismissed.

Although Section 1983 claims accrue when the plaintiff knows or has reason to know of the harm, *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001), the Supreme Court has held that the limitations period for false imprisonment and false arrest, a species of false imprisonment, begins to run "when the alleged false imprisonment ends."  *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007) (internal quotation mark omitted); *see also Lynch v. Suffolk Cty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2009). Applying *Wallace v. Kato*, the Second Circuit has held that "false imprisonment ends when 'the victim becomes held pursuant to legal process,'" *e.g.*, when he is arraigned on charges. *Lynch*, 348 F. App'x at 675 (quoting *Wallace*, 549 U.S. at 388-89).  Given the Supreme Court's intervening decision in *Wallace*,

13

the court finds that plaintiff's false arrest claim accrued on the date of his arraignment, listed as March 25, 2015 on the Queens Criminal Court Certificate of Disposition, of which the court takes judicial notice. (Def. Mot. at Exhibit E.) *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

Thus, because plaintiff does not allege facts that support a continuing violation or equitable tolling, he had until March 25, 2018, at the latest, to commence his action for false arrest. As such, plaintiff's false arrest claim, filed on July 17, 2018, is untimely regardless of whether it accrued on March 8, 2015, as the Defendant argues, or March 25, 2015. The false arrest claim is dismissed.

### B. Plaintiff's Excessive Force Claim is Time-Barred

Defendant argues that Plaintiff's excessive force claim is time-barred as the incident at issue took place in December 2013 and any claim for excessive force would have accrued in December 2013 and expired in December 2016. (Def. Mot. at 8.) The court agrees with the Defendant that any excessive force claim arising from the December 2013 incident is time-barred and is dismissed. The court also applies its statute of limitations analysis to the officers named in plaintiff's Second Amended Complaint, Pawel Pszeniczny and Piotr Pszeniczny, and John and Jane Doe, even though plaintiff has

14

failed without good cause to serve the officers and the claims against the officers can be and are dismissed pursuant to Rule 4(m). *See Awan v. Experienced Moving Co.*, No. 18-CV-5137, 2019 WL 5088068, at *2 (E.D.N.Y. Aug. 23, 2019) (dismissing unserved defendants where *pro se* plaintiff had filed the complaint 11 months prior), adopted by 2019 WL 5086687 (E.D.N.Y. Oct. 9, 2019), appeal dismissed, No. 19-3625 (2d Cir. Jan. 7, 2020); *Kelley v. Universal Music Grp.*, No. 14-CV-2968, 2017 WL 2889505, at *3 (S.D.N.Y. July 5, 2017) (dismissing defendants where *pro se* plaintiffs failed to effect service of amended complaint or second amended complaint on those defendants), adopted by 2017 WL 3995623 (S.D.N.Y. Sept. 11, 2017); *Terry v. Village of Ossining*, No. 12-CV-5855, 2013 WL 5952834, at *5 (S.D.N.Y. Nov. 5, 2013) (dismissing defendant in a *pro se* action without prejudice where the defendant had not yet been served over a year after the case was originally filed); *Landy v. Irizarry*, 884 F. Supp. 788, 793 (S.D.N.Y. 1995) ("Even allowing for Plaintiffs *pro se* status, given the time he has had to address the problem it cannot be reasonably concluded that he has been diligent or made a good faith effort to [effect service]." (italics omitted)).

"[A]n excessive force claim accrues 'when the use of force occurred,'" *McClanahan v. Kelly*, No. 12-cv-6326, 2014 WL

1317612, at *4 (S.D.N.Y. Mar. 31, 2014) (quoting *Jefferson v. Kelly*, No. 06-cv-6616, 2008 WL 1840767, at *3 (E.D.N.Y. Apr. 22, 2008)), not when a plaintiff discovers his or her injuries. "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that [s]he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007).  Because Plaintiff concedes that the incident during which excessive force was allegedly used occurred sometime in December 2013, the three-year statute of limitations expired in December 2016, long before plaintiff filed this action on July 17, 2018.  (*See* ECF No.1, Complaint.)

The only way that Plaintiff's lawsuit would not be barred by the statute of limitations would be if the court were to equitably toll the statue.  As with the length of the statute of limitations, federal courts considering whether the statute is tolled in a Section 1983 lawsuit generally look to the law of the state in which the constitutional deprivation allegedly occurred.  *See Pearl v. City of Long Beach*, 296 F.3d 76, 81 (2d Cir. 2002).

In New York, equitable tolling is only available where the accrual of the cause of action was concealed from the plaintiff, or when the defendant prevented the plaintiff from

16

bringing a case. *See id.* at 82 ("New York appears to use the label 'equitable estoppel' to cover both the circumstances where the defendant conceals from the plaintiff the fact that he [or she] has a cause of action [and] where the plaintiff is aware of his [or her] cause of action, but the defendant induces him [or her] to forego suit until after the period of limitations has expired.") (quotation omitted); *see also Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) ("Under New York law, the doctrines of equitable tolling or equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.") (quotation omitted). Here, there is no allegation that plaintiff was unaware of, or that defendants concealed plaintiff's cause of action, or that the defendants prevented Plaintiff from filing his complaint. Accordingly, equitable tolling does not preserve the plaintiff's excessive force claim.

The court acknowledges the harsh nature of the imposition of a statute of limitations in a case in which plaintiff alleges that he suffered serious injuries at the hands of police officers. Still, the court is bound to apply the law fairly to all, and "strict adherence to the procedural requirements specified by the legislature is the best guarantee

17

of evenhanded administration of the law." *Mohasco Corp. v.*
*Silver*, 447 U.S. 807, 826 (1980).  As such, Plaintiff's
excessive force claim against the City and the individual
officers is time-barred by the statute of limitations and must
be dismissed.

### IV.  Malicious Prosecution

Defendant argues that plaintiff fails to meet the
requisite elements to succeed on a malicious prosecution claim.
(Def. Mot. 9-10.)  Specifically, Plaintiff has failed to prove
that the criminal proceeding in Queens Criminal Court was
terminated in his favor.  (*Id.*)  The court agrees and dismisses
the malicious prosecution claim.

In order to state a malicious prosecution claim, a
plaintiff must plead facts that establish: "'(1) the initiation
or continuation of a criminal proceeding against plaintiff; (2)
termination of the proceeding in plaintiff's favor; (3) lack of
probable cause for commencing the proceeding; and (4) actual
malice as a motivation for defendant's actions.'" *Manganiello*
*v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (quoting
*Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).  With regard
to the second element, whether the proceeding terminated in
plaintiff's favor, the Second Circuit has noted that "[w]hen a
person has been arrested and indicted, absent an affirmative

18

indication that the person is innocent of the offense charged, the government's failure to proceed does not necessarily 'impl[y] a lack of reasonable grounds for the prosecution.'" *Lanning v. City of Glens Falls*, 908 F.3d 19, 28 (2d Cir. 2018) (quoting *Conway v. Village of Mount Kisco*, 750 F.2d 205, 215 (2d Cir. 1984).  As such, when a plaintiff alleges that the charges against him were dismissed without further factual specifics regarding the circumstances or grounds on which the dismissal was granted, this allegation is devoid of facts to affirmatively indicate innocence.  *See id.* at 28-29 (wherein the court dismisses the plaintiff's malicious prosecution claim because he only alleged that the charges against him "were dismissed" without alleging facts that the dismissal affirmatively indicated his innocence).

In this case, Plaintiff's charge was dismissed in the furtherance of justice on July 17, 2017, according to documents from the Queens Criminal Court.  (Def. Mot. at Exhibit 8, Queens Criminal Court Certificate of Disposition.)  Although Plaintiff alleges that he was innocent and felt threatened by a prosecutor in his case, he does not provide additional details to support a claim that the dismissal of charges affirmatively indicated his innocence.  This court therefore concludes that Plaintiff failed

to plead a viable malicious prosecution claim under Section 1983 and dismisses this claim.

### V.   State Law Claims

Defendant contends that plaintiff's failure to comply with New York's notice of claim requirements, which govern pendent state law claims in federal court and are "construed strictly," "ordinarily requires dismissal for failure to state a cause of action." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793-96 (2d Cir. 1999) (citations omitted) (affirming Rule 12 dismissal where plaintiff failed to plead that she had filed a notice of claim).

Under New York law, as a precondition to bringing a state law claim against a municipality or any employee thereof, a plaintiff must file a notice of claim within ninety days after his claim accrues.   N.Y. Gen. Mun. Law § 50-e.   Moreover, a plaintiff is required to "affirmatively plead in his complaint that he has filed a notice of claim." *Febres v. City of New York*, 238 F.R.D. 377, 393 (S.D.N.Y. 2006).   Because the Plaintiff in this case has made no mention of filing a notice of claim for any state law claims in this action, any state law claims arising from the alleged December 2013 incident, March 8, 2015 arrest, or March 2015 through July 2017 prosecution are dismissed as to all defendants.

## VI.  Other Potential Claims

In his affidavit in opposition to Defendant's motion
to dismiss, Plaintiff also alleges that the Defendant may be
liable under the Racketeer Influenced and Corrupt Organizations
Act ("RICO").  (*See* ECF No. 73, Affidavit in Opposition to
Motion.)  Defendant, citing *Wright v. Ernst Young*, 152 F. 3d at
178, correctly argues that any newly raised allegations in
opposing a motion to dismiss are improper and should not be
considered, and that in any case the City of New York cannot be
held civilly liable under the RICO statute.  (Def. Mot.)
Because the court agrees that any new claims arising from the
Plaintiff's Opposition to Defendant's Motion to Dismiss were
improperly raised, the court will not consider these claims.
Moreover, plaintiff cannot successfully bring a RICO challenge
against the City as the City cannot form the requisite intent
for a predicate RICO crime.  *In re Citisource Sec. Litig.*, 694
F.Supp. at pp. 1079-80 (the City of New York cannot form
criminal intent to commit predicate acts, thus cannot be held
liable under civil RICO).

## CONCLUSION

For the foregoing reasons, Defendant's motion to
dismiss Plaintiff's amended complaint is GRANTED.  Notably, the
plaintiff's false arrest claim, excessive force claim, malicious

prosecution claim, and related state law claims are dismissed with prejudice as to the City and its employees because any amendment would be futile based on the statute of limitations. *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc*., 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility.")  Although Plaintiff has failed to properly serve the individual officers named in the Second Amended Complaint pursuant to Rule 4(m), the false arrest, malicious prosecution, and excessive force claims against the individual officers are also time-barred, and are therefore dismissed.  The New York State law claims are dismissed against the City and its employees as the plaintiff has failed to file a notice of claim.

As to Mr. Pszeniczny, by Order dated July 15, 2020, this court lifted a stay on the plaintiff's time to move to substitute the deceased Mr. Jan Pszeniczny because Mr. Bert Levine, whose office address is listed below, was identified as the representative of Mr. Pszeniczny's estate.  The Court ordered plaintiff to move for substituting Mr. Pszeniczny no later than October 13, 3030, or the claims would be dismissed. Mr. Ron D'Addario, who appeared on the docket for Mr. Pszeniczny, was ordered to serve Mr. Helwing with the Court's

22

July 15, 2020 Order and file a declaration of service, but Mr. D'Addario failed to do so.  Accordingly, this Court grants Mr. Helwing an additional 45 days to move for substitution.  If Mr. Helwing fails to move for substitution by Thursday, April 15, 2021, his claim against defendant Pszeniczny will be dismissed. This Court will not grant Mr. Helwing an extension to file the motion for substitution.

The Clerk of Court is directed to enter judgment in favor of the Defendant, New York City and its NYPD officers, serve a copy of this Memorandum and Order and the judgment on Plaintiff, serve a copy of this Memorandum and Order and the judgment on Mr. Bert Levine at 965 Manhattan Avenue, Brooklyn, NY 11222, and note service on the docket.

**SO ORDERED.**

Dated:     Brooklyn, New York
           March 1, 2021

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge